**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-02687-002-TUC-RCC (CRP) |
| Plaintiff, | **ORDER** |
| v. | |
| Deon Lamont McElrathbey, | |
| Defendant. | |

On August 13, 2019, Defendant Deon Lamont McElrathbey submitted what appears to be a Motion to Reduce Sentence Under the First Step Act ("FSA"). (Doc. 183.) He claims he should receive 70 days good time credit under the FSA. *Id.* He states that if he does not receive the credit he will be released in September 2019. The Federal Bureau of Prisons inmate locator indicates that Defendant's release date is currently October 13, 2019. Defendant claims that his case managers refused to help reduce his sentence and asks this Court for assistance.

The President signed the First Step Act on December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Certain provisions of the Act are retroactive. *See* Act § 102(g)(3) ("The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987.").

Title I of the Act allows the BOP to increase the number of good time credits

available to prisoners – from 47 to 54 days of credit for each year of an inmate's sentence. *See Barber v. Thomas*, 560 U.S. 474, 479 (2010) (establishing the 47-day maximum good time credits currently employed by the BOP). The retroactive application went into effect on July 19, 2019. Pub. L. No. 115-391, 132 Stat. 5194 §§ 101, 102. However, the BOP has 210 days from enactment to develop and implement the system for decreased recidivism, including the increase in good time credits. *See* 18 U.S.C. § 3632 (permitting seven months from Act's effective date to develop a system for implementing the changes). Therefore, BOP has until February 14, 2020 to effectuate a system for implementing the retroactive increase in good time credits.

Courts are not permitted to consider claims that are not yet ripe, and "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations omitted). Alas, the Court cannot grant Defendant relief because it cannot force BOP to implement a strategy that it has until next February to develop.

Furthermore, Defendant has failed to indicate whether he has exhausted his administrative remedies. Section 603 of the FSA allows a defendant to file a motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's assertion that he asked for help from his counselor does not satisfy the exhaustion requirement.

Accordingly, IT IS ORDERED Defendant Deon Lamont McElrathbey's Motion to Reduce Sentence Under the First Step Act is DENIED. (Doc. 183.)

Dated this 17th day of September, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge